UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN CONTRERAS,<br><br>　　　　Defendant. | Case No. 1:14-cv-01367 LJO MJS<br><br>**FINDINGS AND RECOMMENDATION TO REMAND ACTION TO STATE COURT**<br><br>**(ECF No. 1)** |
| JOHN CONTRERAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | |

　　　　On September 2, 2014, Defendant John Contreras filed a Notice of Removal with this Court, seeking to remove an action from the Calaveras County Superior Court. (ECF No. 1, at 30-39.) Defendant also appears to have filed a counter complaint against Plaintiffs for various forms of relief including declaratory judgment and rescission. (Id. at 1-22.)

　　　　Pursuant to Title 28 of the United States Code section 1441(a), a defendant may

remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendant is attempting to remove an unlawful detainer action based on both federal question subject matter jurisdiction and diversity of citizenship. (ECF No. 1 at 2.) However, Defendant cannot establish jurisdiction that is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or are cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3

1  (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).
2  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in
3  the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

4        In this case, Defendant is unable to establish subject matter jurisdiction before
5  this Court because the complaint filed in the state court apparently contains a single
6  cause of action for unlawful detainer based on California Code of Civil Procedure
7  section 1161a. Unlawful detainer actions are strictly within the province of state court.
8  Defendant's attempt at creating federal subject matter jurisdiction by adding claims or
9  defenses to a notice of removal will not succeed. Vaden v. Discover Bank, 556 U.S. 49,
10 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated
11 counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal
12 law defense to a state-law claim does not confer jurisdiction on a federal court, even if
13 the defense is that of federal preemption and is anticipated in the plaintiff's complaint.")

14       In determining the presence or absence of federal jurisdiction in removal cases,
15 the "well-pleaded complaint rule," applies "which provides that federal jurisdiction exists
16 only when a federal question is presented on the face of the plaintiff's properly pleaded
17 complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well
18 established that plaintiff is the 'master of her complaint' and can plead to avoid federal
19 jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir.2007);
20 Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank,
21 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal
22 law only when the plaintiff's well-pleaded complaint raises issues of federal law").
23 Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law
24 unlawful detainer action does not present a federal question. Therefore, Plaintiff's
25 complaint avoids federal question jurisdiction.

26       The next possible basis for this court's jurisdiction is diversity jurisdiction. District
27 courts have diversity jurisdiction over "all civil actions where the matter in controversy
28 exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is

1 between "(1) citizens of different States; (2) citizens of a State and citizens or subjects
2 of a foreign state; (3) citizens of different States and in which citizens or subjects of a
3 foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of
4 a State or of different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc.
5 v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010).

6 Defendant attempts to raise diversity of citizenship to reach this court's
7 jurisdiction. However, even if raised, it is clear from the face of the complaint that the
8 amount in controversy does not exceed $75,000. When a state court complaint
9 affirmatively alleges that the amount in controversy is less than the jurisdictional
10 threshold, the party seeking removal must prove with "legal certainty" that the
11 jurisdictional amount is met. See Lowdermilk, 479 F.3d at 1000. The complaint filed in
12 this action states unequivocally that the amount in controversy is less than $10,000.
13 (ECF No. 1 at 37.) Defendant's notice of removal does not challenge the amount in
14 controversy, and does not provide any basis for a finding that the amount in controversy
15 exceeds the $75,000 required. The amount in controversy is determined without regard
16 to any setoff or counterclaim to which defendant may be entitled. See Snow v. Ford
17 Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). Thus, the amount in controversy is
18 insufficient to provide this court with diversity jurisdiction.

19 Based on the above, it is recommended that the action and counter complaint be
20 remanded sua sponte to the Calaveras County Superior Court of California for all future
21 proceedings.

## **RECOMMENDATION**

23 It is hereby recommended that the action and counter-claim be remanded sua
24 sponte to the Calaveras County Superior Court of California for all future proceedings.

25 These findings and recommendations are submitted to the district judge assigned
26 to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.
27 Within fourteen (14) days of service of this recommendation, any party may file written
28 objections to these findings and recommendations with the Court and serve a copy on

all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   May 15, 2015            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

5